**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Greg Oester, et al., | No. CV-19-04763-PHX-SPL |
| Plaintiffs, | No. CV-19-04765-PHX-SPL |
| vs. | No. CV-19-05586-PHX-SRB |
| | No. CV-20-00552-PHX-DJH |
| Wright Medical Technology, Incorporated, | No. CV-20-01703-PHX-GMS |
| | No. CV-20-08163-PHX-SMB |
| Defendant. | **ORDER** |

Before the Court are the following motions:

1. Plaintiff Susan McAleavey's Rule 42 Motion for Transfer and Consolidation (Doc. 34);

2. Plaintiffs Greg and Lynda Oester's Rule 42 Motion for Transfer and Consolidation of Wright Medical Hip Cases (Doc. 35);

3. Plaintiff Michael Malachuk's Rule 32 Motion for Transfer and Consolidation of Wright Medical Hip Cases (Doc. 36).

After considering the motions and their accompanying memoranda, the Reponses[1] (Docs. 37, 38, 39), and a Reply (Docs. 40), the Court now issues the following ruling.[2]

///

---

[1] Defendant filed three identical Responses to the Motions, because the arguments are the same. As such, the Court will only record cite to the first response filed. (Doc. 37)

[2] Because it would not assist in resolution of the instant issues, the Court finds the pending motions are suitable for decision without oral argument. *See* LRCiv. 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

## I. BACKGROUND

### A. Prior Procedural Background

Before the instant cases were filed in this District, there was a multidistrict litigation action (MDL) assigned to the Northern District of Georgia against Defendant Wright Medical Technology, Incorporated ("Wright Medical"). *In re: Wright Med. Tech., Inc., Conserve Hip Implant Prod. Liab. Litig.*, 844 F. Supp. 2d 1371 (U.S. Jud. Pan. Mult. Lit. 2012). At issue were defective hip implants manufactured by Defendant. *Id.* There was a bellwether trial, and the jury found in favor of the plaintiffs. *See In re Wright Med. Tech. Inc., Conserve Hip Implant Prod. Liab. Litig.*, 178 F. Supp. 3d 1321 (N.D. Ga. 2016), *aff'd in part sub nom. Christiansen v. Wright Med. Tech., Inc.*, 851 F.3d 1203 (11th Cir. 2017). After the bellwether trial Defendant reached a Master Settlement Agreement with new and existing MDL plaintiffs. *In re Wright Med. Tech., Inc., Conserve Hip Implant Prod. Liab. Litig.*, No. 1:12-MD-2329-WSD, 2018 WL 3085172, at *1 (N.D. Ga. June 22, 2018). The MDL was closed to new claims in 2017 and terminated in 2018. *Id.* The first of the instant cases was filed in 2019. *Oester, et al. v. Wright Med. Tech., Inc.*, CV-19-04763-PHX-SPL (filed July 19, 2019).

### B. Factual and Current Procedural Background

The six instant cases filed against Defendant Wright Medical are pending before four judges within the District of Arizona. Defendant has retained the same counsel in each case and opposes all efforts to transfer and consolidate the cases. All six are product liability cases involving hip implants manufactured by Defendant. (Docs. 34 at 4, 35 at 4, 36 at 3)

All Plaintiffs bring multiple strict product liability claims, as well as claims for negligence. (Doc. 1 at 19–24; CV-19-04765-PHX-SPL, Doc. 1 at 19–24; CV-19-05586-PHX-SRB, Doc. 1 at 33–45; CV-20-00552-PHX-DJH, Doc. 1 at 35–44; CV-20-01703-PHX-GMS, Doc. 1 at 12–22; CV-20-08163-PHX-SMB, Doc. 1 at 36–51) Some complaints also included fraud and loss of consortium claims. (Doc. 1 at 24; CV-19-05586-PHX-SRB, Doc. 1 at 42–43; CV-20-00552-PHX-DJH, Doc. 1 at 43–44; CV-20-08163-PHX-SMB,

Doc. 1 at 47–48) Four of the cases (filed by the Oester, Austin, Eiter, and McAleavey Plaintiffs) involve the same hip implant components, albeit in different sizes. (Docs. 1 at 12, 34 at 4; CV-19-05586-PHX-SRB, Doc. 1 at 17; CV-20-00552-PHX-DJH, Doc. 1 at 20; CV-20-01703-PHX-GMS, Doc. 1 at 10–12) The same surgeon performed the hip replacement surgery in all four cases. (Docs. 1 at 11, 34 at 4; CV-19-05586-PHX-SRB, Doc. 1 at 17; CV-20-00552-PHX-DJH, Doc. 1 at 20; CV-20-01703-PHX-GMS, Doc. 1 at 8) All four patients also required hip "revision" surgery after their artificial hips "failed." (Docs. 1 at 12, 34 at 4; CV-19-05586-PHX-SRB, Doc. 1 at 18; CV-20-00552-PHX-DJH, Doc. 1 at 20; CV-20-01703-PHX-GMS, Doc. 1 at 9) In three of the four cases, the same surgeon performed the revision surgery. (Docs. 1 at 12, 34 at 4; CV-20-00552-PHX-DJH, Doc. 1 at 20; CV-20-01703-PHX-GMS, Doc. 1 at 9)

The hip implant components in the remaining two cases (filed by the Malachuk and DeVore Plaintiffs) are not all the same as those in the other four. (Doc. 34 at 7, CV-19-04765-PHX-SPL, Doc. 1 at 11–12; CV-20-08163-PHX-SMB, Doc. 1 at 24–25)

The McAleavey and Oester Plaintiffs originally stated they do not wish to consolidate the Malachuk and DeVore cases with the other four because of this factual distinction. (Docs. 34 at 7–8, 35 at 6) However, they would not oppose consolidation of all six cases for discovery and pre-trial purposes. (Docs. 34 at 7–8, 35 at 6) Plaintiff Malachuk moves to consolidate all six cases for discovery and pretrial purposes. (Doc. 36 at 6–7) On reply, the McAleavey Plaintiffs changed their position and asked that the Malachuk and DeVore cases be consolidated for pretrial purposes. (Doc. 40 at 14)

Defendant opposes consolidation of all six cases but notes specifically that the Malachuk and DeVore cases involve different product lines with "different alleged theories of defect" from the other four. (Doc. 37 at 6–7)

## II. LEGAL STANDARDS

Case consolidation is governed by Fed. R. Civ. P. ("Rule") 42(a) and LRCiv 42.1. "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions;

or (3) issue any other orders to avoid unnecessary cost or delay." Rule 42(a). LRCiv 42.1(a) allows a transfer of cases to a single judge when cases "involve substantially the same parties or property….call for determination of substantially the same questions of law; or ….for any other reason would entail substantial duplication of labor if heard by different Judges."

The moving party bears the burden of proof on a motion for consolidation. *Jolicoeur v. Minor*, No. CV1700930PHXSPLJZB, 2018 WL 1805529, at *2 (D. Ariz. Apr. 16, 2018).

### III.   DISCUSSION

Rule 42(a) allows a court to consolidate cases on motion if they share a common question of law or fact. When considering such a motion, district courts have broad discretion. *Inv'rs Research Co., et al. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989). Courts "balance the interest of judicial convenience against the potential for delay, confusion and prejudice that may result from such consolidation." *Dishon v. Gorham*, No. CV-16-04069-PHX-ROS, 2018 WL 4257936, at *5 (D. Ariz. Sept. 6, 2018) (internal quotation omitted).

As an initial matter, the Court agrees with Defendant and the Oester Plaintiffs that the Malachuk and DeVore cases are too factually distinct from the other four cases and will not consolidate them. Now, the Court turns to the arguments as to the remaining cases.

The McAleavey and Oester Plaintiffs argue consolidation is appropriate because the hardware involved in the cases was the same hip replacement "system." (Docs. 34 at 4, 35 at 4) The implants also failed for allegedly the same reason; the metal-on-metal design of the components allegedly resulted in excessive wear, corrosion, and debris. (Doc. 34 at 4–5) All implants had to be replaced with hip "revision surgery." (Docs. 34 at 4, 35 at 5) According to Plaintiffs, discovery would be essentially the same, as would the retained experts on both sides. (Docs. 34 at 6, 35 at 5) Plaintiffs argue the questions of law are the same, too. (Docs. 34 at 5, 35 at 4)

Defendant argues the cases are better off separate. (Doc. 39 at 6) Defendant's position is that the MDL already provided discovery that the Plaintiffs can use in their own

separate cases, and that consolidation would lead to risk of prejudice to the Defendant due to jury bias and confusion. (Doc. 39 at 6) Defendant specifically argues that when counsel can cooperate and share discovery, they can avoid the risk of duplication without needing to consolidate the cases. (Doc. 39 at 9) Here, there was common discovery as to the devices already completed in the MDL, which counsel for Wright Medical has allowed plaintiffs in other cases to use "for years." (Doc. 39 at 10) Defendant further argues that the four cases are at very different litigation stages and that it does not make sense to make those that are further along wait for the others to catch up. (Doc. 39 at 11–12)

Considering all the arguments and case law provided by counsel, the Court notes that when cases are at different stages in litigation, consolidation is often frowned upon. *See Dishon*, 2018 WL 4257936 at *5 (citing *Robert Kubicek Architects & Assocs., Inc. v. Bosley*, No. CV-11-02112-PHX-DGC, 2012 WL 6554396, at *8 (D. Ariz. Dec. 14, 2012)). Consolidation will not promote judicial economy and would only result in delay for those cases that have already progressed through much of discovery. *Id.* The Court is unconvinced by the McAleavey arguments to the contrary. (Doc. 40 at 7–8) The Court is also confident that counsel will be able to work together to avoid duplicitous discovery, especially by using the MDL discovery.[3] Finally, the factually distinct medical histories of each plaintiff weigh against consolidation because of the risk of jury confusion and bias. *See Dodaro v. Standard Pac. Corp.*, No. EDCV091666VAPOPX, 2009 WL 10673229, at *4 (C.D. Cal. Nov. 16, 2009) (citing long history of courts denying consolidation when the facts are similar but distinct in many "important aspects.") The Court finds Plaintiffs have not met their burden for consolidation.

### IV. CONCLUSION

The Court finds that the six cases (CV-19-04763-PHX-SPL, CV-19-04765-PHX-SPL, CV-19-05586-PHX-SRB, CV-20-00552-PHX-DJH, CV-20-01703-PHX-GMS, CV-20-08163-PHX-SMB) are unfit for consolidation under Rule 42(a) and LRCiv. 42.1(a).

---

[3] To the extent the parties have discovery issues, they can bring them up with the Court in their respective cases.

Therefore,

**IT IS ORDERED** that Plaintiff Susan McAleavey's Rule 42 Motion for Transfer and Consolidation (Doc. 34), Plaintiffs Greg and Lynda Oester's Rule 42 Motion for Transfer and Consolidation of Wright Medical Hip Cases (Doc. 35), and Plaintiff Michael Malachuk's Rule 32 Motion for Transfer and Consolidation of Wright Medical Hip Cases (Doc. 36) are **denied.**

Dated this 16th day of February, 2021.

Honorable Steven P. Logan
United States District Judge