Stephen I. Leshner (SBN 004754)
**STEPHEN I. LESHNER, P.C.**
1440 East Missouri Avenue, Suite 265
Phoenix, AZ 85014
Tel.  (602) 266-9000
steve@steveleshner.com
Attorney for Plaintiffs

Joseph H. Saunders
*Admitted pro hac vice*
Saunders & Walker, P.A.
3491 Gandy Blvd. North, Ste. 200
Pinellas Park, Florida 33781
Phone: (727) 579-4500
Fax: (727) 577-9696
joe@saunderslawyers.com

Attorneys for Plaintiffs, Greg M.
Oester and Lynda C. Oester

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Greg M. Oester and Lynda C. Oester, his wife,<br><br>           Plaintiffs,<br>   vs.<br><br>Wright Medical Technology, Inc., a Delaware corporation,<br><br>           Defendant. | No.  2:19-cv-04763-PHX-SPL<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS DAUBERT MOTION TO PARTIALLY EXCLUDE THE EXPERT OPINIONS OF ENGINEER MARI TRUMAN** |

        Plaintiffs, Greg M. Oester and Lynda C. Oester, by their undersigned attorney,

opposes Defendants' Motion to Partially Exclude the Rule 26 Expert Opinions of Mari

Truman P.E., and state:

**TABLE OF CONTENTS**

I.   PLAINTIFFS' RESPONSE SUMMARY                    p. 4

II.  LEGAL ARGUMENT                                  p. 5-7
     Prior Daubert Rulings Involving Engineer Truman
     Support Admission of her Opinions in This Case

III. LEGAL ARGUMENT                                  p. 7-8
     Defendants Challenges go to the weight of the
     evidence and not to reliability under Daubert

IV.  CONCLUSION                                      p. 8

**TABLE OF AUTHORITIES**

| Federal Cases | Page |
|---|---|
| *Bayes v. Biomet, Inc.,* 2020 WL 5594059 (ED Mo. Sept. 18, 2020) | 5 |
| *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579 (1993) | 7 |
| *Dura Auto. Sys. of Indiana, Inc. v. CTS Corp.,* 285 F.3d 609, 614 (7th Cir. 2002) | 6 |
| *Fitzsimmons v. Biomet Orthopedics, Inc.,* 2020 WL 6784236 (MD Fla. Nov. 18, 2020) | 5 |
| *Hardison v Biomet, Inc.,* 2020 WL 4334108 (M.D. Ga. July 27, 2020) | 5 |
| *In re Biomet M2a Magnum Hip Implant Prod. Liab. Litig.,* 2017 WL 10845178 (ND Ind. Dec. 21, 2017) | 5, 6 |
| *In re: DePuy Orthopaedics, Inc.,* 2016 WL 6271474, at *10 (ND Tex. Jan. 5, 2016) | 6 |
| *In re Roundup Prod. Liab. Litig.,* 390 F. Supp. 3d 1102, 1109 (ND Cal. 2018) | 7 |
| *Primiano v. Cook,* 598 F.3d 558, 595-596 (9th Cir. 2010) | 8 |

1

2

## **TABLE OF EXHIBITS**

3

4

A.  Plaintiff's Rule 26 Expert Witness Disclosures

5

B.  Mari Truman, P.E. Rule 26 Expert Report dated Mar. 24, 2021 &
    Curriculum vitae

6

7

C.  Deposition of Theodore Firestone, MD taken Jan. 7, 2021

8

D.  Ex #0017 to Firestone MD Deposition (op report right hip revision sx)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PLAINTIFFS' RESPONSE SUMMARY**

As stated by the defense, this is a products liability action concerning the failure of Plaintiff's hip implant prosthesis that was manufactured by the Defendant. Plaintiff's engineering expert Mari Truman P.E.  Mari Truman is a biomechanical engineer and provided a detailed expert report pursuant to FRCP 26 setting forth her expert opinions as to the failure of the prosthesis, and the mechanics of the failure. (Exhibit 2).  Defendant elected not to take her deposition.

It does not appear that Defendant is challenging her general qualifications as an engineer in the field of orthopedic prosthesis but rather is challenging a portion of her opinion on corrosion of the device and general design defect based upon the fact that she did not personally examine a part of the device before rendering her report. The device has four parts; a stem, a neck, a ball, and a cup. The stem, neck, and the cup were not removed from the plaintiff.

Her report explains that part of her opinions regarding corrosion of the device was based upon the revision surgeon's records and deposition testimony. The fact that corrosion of the device was the medically causative factor in the failure of the hip was a medical diagnosis given properly within the purview of the revision surgeon and non-retained medical expert, Theodore Firestone M.D. Engineer Truman is entitled to rely on that medical diagnosis in forming her opinions.  Plaintiff's FRCP 26 Disclosure of Dr. Firestone's opinion discloses that he will testify that he found corrosion during the revision surgery.  Dr. Firestone confirms that opinion in his deposition (Depo P.133, L. 5-10.)

**LEGAL ARGUMENT**
**Prior Daubert Rulings Involving Engineer Truman Support**
**Admission of her Opinions in This Case**

Defendant's challenge to Engineer Truman's opinion go to the weight of her testimony and provide an opportunity for cross-examination at trial but does not implicate a Daubert exclusion of her opinions.

Defendant cites a number of prior Daubert cases involving Mari Truman's opinions on different manufacturers of hip implant prosthesis. In every one of those cases, her general opinion that the devices were defective was found to be reliable and admissible. In *Fitzsimmons* and *Hardison*, cases involving Biomet hips, a portion of her opinion about an issue called "taper mismatch" was excluded. Engineer Truman's opinion in this case does not include opinions about taper mismatch. *See*, *Fitzsimmons v. Biomet Orthopedics, Inc.* 2020 WL 6784236 (MD Fla. Nov. 18, 2020); *Hardison v Biomet, Inc.*, 2020 WL 4334108 (MD Ga. July 27, 2020); *Bayes v. Biomet, Inc.*, 2020 WL 5594059 (ED Mo. Sept.18, 2020)(excluding a portion of her opinion on medical causation due to taper mismatch.)

The Biomet cases cited by Defendant are individual remand cases that were part of *In re Biomet M2a Magnum Hip Implant Prod. Liab. Litig.*, No. 3:12-MD-2391, 2017 WL 10845178 (N.D. Ind. Dec. 21, 2017).  In that MDL, Engineer Truman served as a generic expert for the benefit of hundreds of cases and was subject to Daubert analysis by MDL Judge Miller who had devoted several years of work on the Biomet hip implant MDL. In his Daubert Order Judge Miller stated:

*"Ms. Truman is a biomedical engineer with experience designing and testing medical device implants, including hip implants. I agree with Judge Kinkeade that an engineer with experience with lubrication and device wear issues through device design and testing can opine on those issues "despite the fact that [her] degrees are in the field of mechanical engineering rather than tribology." Un re:*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*DePuy Orthopaedics, Inc.*, No. 3:11-MD-2244-K, 2016 WL 6271474, at *10 (N.D. Tex. Jan. 5, 2016). To the extent Biomet seeks to exclude Ms. Truman opinion that all metal-on-metal devices are defectively designed because she is not qualified to offer it, the motion is denied. *In re Biomet M2a Magnum Hip Implant Prod. Liab. Litig.*, No. 3:12-MD-2391, 2017 WL 10845178, at *11 (N.D. Ind. Dec. 21, 2017).* Judge Miller's reference to Judge Kinkeade and the DePuy MDL was to an MDL with over 5,000 DePuy hip implant cases in which Mari Truman's opinions were found to be reliable and admissible.

In the Biomet MDL opinion Judge Miller also stated:
*"Ms. Truman can't testify as an expert on the clinical effects of metal ions, but she can permissibly rely on other experts' opinions that metal ions cause clinical effects to support her opinion that metal-on-metal devices are unreasonably dangerous. See* Dura Auto. Sys. of Indiana, Inc. v. CTS Corp.*, 285 F.3d 609, 614 (7th Cir. 2002). That's what she did in her report, so her opinion is admissible."* In re Biomet M2a Magnum Hip Implant Prod. Liab. Litig., No. 3:12-MD-2391, 2017 WL 10845178, at *15 (N.D. Ind. Dec. 21, 2017).

Likewise, in the instant case, Engineer Truman is relying on Dr. Firestone's deposition testimony and his operative report that corrosion of the device was one of the causes of injury to the plaintiff. (Truman report at p. 3, 4, 12, 14-15).  Dr. Firestone's operative report stated: *"The patient was indicated for revision because of elevated cobalt chromium ion levels and evidence of metallosis on MRI."*  The operative report further stated: "*Deep retractors were placed and I exposed the joint, significant corrosive type tissue was noted and a complete debridement was performed.* He also found a *"cold weld"* between the stem and the neck. Dr. Firestone stated in his deposition that: *"Corrosive-type tissue was noted. That means when I'm—when I see grayish—grayish tissue, I consider that corrosive-type tissue." Firestone depo at page 131, lines 10-13.

Dr. Firestone also testified "*Yes. There's obviously corrosion, though because that's why the grayish tissue comes and the—the—the metal debris is from the titanium neck. So, you know, it was just not to the point where I felt it would be unwarranted to continue—to use it.*" Firestone Depo P.133, L. 5-10.

### LEGAL ARGUMENT
### Defendants Challenges go to the weight of the evidence
### and not to reliability under Daubert

Recently, a District Court judge provided an instructive summary of the current law in the Ninth Circuit as follows:

> "*However, the question at this phase is not whether the plaintiffs' experts are right. The question is whether they have offered opinions that would be admissible at a jury trial. And the case law—particularly Ninth Circuit case law—emphasizes that a trial judge should not exclude an expert opinion merely because he thinks it's shaky, or because he thinks the jury will have cause to question the expert's credibility. So long as an opinion is premised on reliable scientific principles, it should not be excluded by the trial judge; instead the weaknesses in an unpersuasive expert opinion can be exposed at trial, through cross-examination or testimony by opposing experts.*" <u>In re: Roundup Prod. Liab. Litig.</u>, 390 F. Supp. 3d 1102, 1109 (N.D. Cal. 2018)

Further, as stated in *Daubert*, "vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert v. Merrell Dow Pharms., Inc.* 509 U.S. 579 at 597 (1993), citing *Rock v. Arkansas*, 484 U.S. 44, 61 (1987).

Here, Dr. Firestone provides the medical causation and Engineer Truman is properly relying on that opinion for medical causation. Three of the four parts of the device were not available for inspection because they could not be removed but Dr. Firestone reported his intraoperative observations which were a proper foundation for Engineer Truman's opinions. Part of his intraoperative observations were that the stem and the neck could not be removed because they were cold welded together with corrosion, that corrosion in the tissues of the Plaintiff which he had to remove, and that the Plaintiff had high metal ions in his blood, Plaintiff's was metallosis.

Therefore, engineer Truman did not give opinions outside the area of her expertise and her opinion that the device was defective and unreasonably dangerous are reliable, fit the case and should be admissible.

The Ninth Circuit has also made it clear that an expert on product defect is not required to prove every element of the case independently. *Primiano v. Cook*, 598 F.3d 558, 595-596 (9th Cir. 2010)("Expert opinion testimony is reliable if the knowledge underlying it has a reliable basis in the knowledge and experience of the relevant discipline. Reliable expert testimony need only be relevant, and need not establish every element that the plaintiff must prove in order to be admissible.")

## **CONCLUSION**

Mari Truman, P.E. is qualified to give the opinions set forth in her report. Her opinion on general product defect and corrosion properly rely on Dr. Firestone's observations of all four parts of the implant during surgery and his opinions on medical causation. Thus, her opinions are reliable, fit the facts of this case, and will assist the jury in determining whether Defendant's product is defective.

1

2

**<u>CERTIFICATE OF SERVICE</u>**

3

I CERTIFY that, on July 20, 2021, Plaintiffs' Response in Opposition to

4

Defendant's Motion to Partially Exclude the Expert Opinions of Mari Truman, with

5

exhibits, were served via Share File to:

6

7

Dana J. Ash (*pro hac vice*) DUANE MORRIS LLP 30 South 17th Street
Philadelphia, PA 19103, DJAsh@duanemorris.com

8

9

Sean K. Burke, Esq., DUANE MORRIS, LLP, 505 9th Street NW, Ste. 1000,
Washington, DC 20004-2166, sburke@duanemorris.com

10

11

Danielle M. Bagwell, Esq., DUANE MORRIS, LLP
Duane, Morris, LLP, 505 9th Street, NW, Ste. 1000, Washington, DC 20004-
2166, dnbagwell@duanemorris.com

12

13

Jacob C. Jones, Esquire, , Snell & Wilmer, LLP, One Arizona Center, 400
E. Van Buren, Ste. 1900, Phoenix, AZ 85004-2202, 602/382-6000,
jcjones@swlaw.com

14

15

Cory L. Braddock, Esquire, Snell & Wilmer, LLP, One Arizona Center, 400
E. Van Buren, Ste. 1900, Phoenix, AZ 85004-2202, 602/382-6000,
cbraddock@swlaw.com

16

17

18

  s/ Joseph H. Saunders
Joseph H. Saunders (Adm PHV)

19

SAUNDERS & WALKER, P.A.

20

3491 Gandy Blvd. North, Ste. 200
Pinellas Park, Florida 33781

21

Tel.  (727) 579-4500
Fax. (727) 577-9696

22

joe@saunderslawyers.com

23

24

Stephen I. Leshner
STEPHEN I. LESHNER, P.C.

25

1440 E. Missouri Ave., Suite 265
Phoenix, AZ  85014

26

Tel. 602-266-9000
steve@steveleshner.com

27

28

Counsel for Plaintiffs